FILED
SEP 17 2003
LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| DANIEL TALBERT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION FILE NO. 6:03-2982-25 |
| TOYOTA MOTOR NORTH AMERICA, INC., TOYOTA MOTOR MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR SALES U.S.A., INC., NEW UNITED MOTOR MANUFACTURING, INC., | ) ) ) ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

NOW COMES Daniel Talbert, and files this complaint against Toyota Motor North America, Inc., Toyota Motor Manufacturing North America, Inc., Toyota Motor Sales U.S.A., Inc., and New United Motor Manufacturing, Inc., showing the Court the following:

### JURISDICTION AND VENUE

1.

Plaintiff is a resident of Simpsonville, Greenville County, South Carolina.

2.

Defendant Toyota Motor North America, Inc. is a California corporation with its principal place of business in Torrance, California. It may be served with a copy of the summons and complaint pursuant to California law by serving its registered agent for service of process, The Prentice Hall Corporation System, Inc., 2730

Gateway Oaks Drive, Suite 100, Sacramento, California, 95833. Fed. R. Civ. Pro. 4(h)(1).

3.

Defendant Toyota Motor North America is the parent company of all domestic Toyota corporations, with the sole exception of Defendant New United Motor Manufacturing, Inc.

4.

Defendant Toyota Motor Manufacturing North America, Inc. is a Kentucky corporation with its principal place of business in Erlanger, Kentucky. It may be served with a copy of the summons and complaint pursuant to Kentucky law by serving its registered agent for service of process, CT Corporation System, Kentucky Home Life Building, Louisville, Kentucky 40202. Fed. R. Civ. Pro. 4(h)(1).

5.

Defendant Toyota Motor Manufacturing North America, Inc. serves as the parent company of Toyota's manufacturing operations in the United Sates, and it participated in the design and engineering of the 1991 Toyota Corolla at issue in this case.

6.

Defendant Toyota Motor Sales U.S.A., Inc. is a California corporation with its principal with its principal place of business in Torrance, California. This defendant is registered to do business within the state of South Carolina and may be served with a copy of the summons and complaint by serving its South Carolina registered agent for service of process, Prentice Hall Corp., 5000 Thurmond Mall Boulevard,

Columbia, SC 29201. Fed. R. Civ. Pro. 4(h)(1).

7.

Defendant Toyota Motor Sales U.S.A., Inc. is the sales, service, marketing, and distribution arm of Toyota in the United States, and it was responsible for the marketing, distribution, and sale of the 1991 Toyota Corolla at issue in this case.

8.

Defendant New United Motor Manufacturing, Inc. is a California corporation with its principal place of business in Fremon, California. It may be served with a copy of the summons and complaint pursuant to California law by serving its registered agent for service of process, CT Corporation System, 818 West Seventh Street, Los Angeles, California 90017.

9.

Defendant New United Motor Manufacturing, Inc. manufactured the 1991 Toyota Corolla at issue in this case and participated in its design and engineering.

10.

Jurisdiction is proper because diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. 28 U.S.C. § 1332.

11.

This Court has personal jurisdiction over Defendants pursuant to South Carolina's long-arm statute because Defendants have transacted business within this state and have committed tortious acts or omissions within this state. S.C. Code Ann. § 36-2-803.

12.

Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this district. 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

13.

Plaintiff incorporates by reference paragraphs 1 through 12 above as if fully set forth herein and further alleges:

14.

On June 11, 2003, Plaintiff Daniel Talbert was driving a 1991 Toyota Corolla at a lawful rate of speed when the vehicle left the roadway and ran into a tree on the side of Park Road in Laurens County, South Carolina, rendering Mr. Talbert unconscious.

15.

Flammable and/or combustible liquids escaped from the vehicle's lines or reservoirs after the collision and caused the ignition of a small fire in the engine compartment.

16.

During the brief period that elapsed from the time of the accident to the time that emergency crews arrived on the scene and removed Mr. Talbert from the car, the fire spread from the engine compartment to the passenger compartment, where it burned the driver's door, driver's seat, and dashboard.

17.

Mr. Talbert suffered severe burns to approximately 25% of his body as a result of the fire.

18.

Mr. Talbert received care at the Greenville Memorial Hospital in Greenville, South Carolina from the date of the incident until June 19, 2003, at which time he was transferred to the Joseph M. Still Burn Center at Doctors Hospital in Augusta, Georgia ("Burn Center").

19.

Mr. Talbert was hospitalized at the Burn Center from June 19, 2003 until July 13, 2003, at which time he was transferred back to the Greenville Memorial Hospital. On July 25, 2003, he was transferred to the Roger C. Peace Rehabilitation Center in Greenville and stayed there until his discharge on August 8, 2003. During his hospitalizations, Mr. Talbert experienced excruciating pain and underwent numerous skin graft procedures.

20.

As a direct and proximate result of his burn injuries, Mr. Talbert continues to suffer from various complications and will undergo treatments for his burn injuries at the Burn Center, physical therapy sessions at Roger C. Peace Rehabilitation Center, and psychological evaluation. Mr. Talbert will undergo outpatient physical therapy and medical treatment for the foreseeable future.

21.

Mr. Talbert has suffered and will continue to suffer excruciating pain and mental suffering as a direct and proximate result of his burn injuries.

22.

Also, as a further direct and proximate result of his burn injuries, Mr. Talbert is permanently scarred and disfigured. These conditions will always be visible to himself and others.

23.

As a further direct and proximate result of his burn injuries, Mr. Talbert has suffered lost wages and a future loss of wage earning capacity and other benefits.

## COUNT I - NEGLIGENCE

24.

Plaintiff incorporates by reference paragraphs 1 through 23 above as if fully set forth herein and further alleges:

25.

When designing, developing, manufacturing, testing, packaging, labeling, advertising, marketing, selling and distributing the 1991 Toyota Corolla, Defendants breached their duty to take reasonable precautions to avoid creating unreasonable risks of injury to passengers in a collision.

26.

The breaches by Defendants of this duty include, but are not limited to, the following:

a.    Improperly designing, developing, manufacturing, testing, packaging, labeling, advertising, marketing, selling, and distributing a product, the 1991 Toyota Corolla, that is defective and unreasonably dangerous because it allows flammable

and/or combustible liquids to escape from lines and reservoirs in the engine compartment during low-speed impacts; and

b.     Improperly designing, developing, manufacturing, testing, packaging, labeling, advertising, marketing, selling, and distributing a product, the 1991 Toyota Corolla, that is defective and unreasonably dangerous because its engine components are constructed from non-flame retardant, combustible materials which allow fires, initiated by small ignition sources in the engine compartment, to grow and spread into the passenger compartment, placing occupants at risk of significant burn injuries and/or death.

27.

These defective conditions in the 1991 Toyota Corolla pose unreasonable risks of injury to passengers in a collision.

28.

These defective and unreasonably dangerous conditions existed in the 1991 Toyota Corolla at the time it left the hands of Defendants and existed at the time of the June 11, 2003 incident described above.

29.

Mr. Talbert was unaware of these defective and unreasonably dangerous conditions at the time of the incident on June 11, 2003, and these defective and unreasonably dangerous conditions are of a nature that would not be contemplated by the ordinary consumer.

30.

As a direct and proximate result of the negligence of Defendants, Mr. Talbert

has suffered the severe and permanent injuries more fully described above.

## COUNT II – STRICT LIABILITY

31.

Plaintiff incorporates by reference paragraphs 1 through 30 above as if fully set forth herein and further alleges:

32.

Defendants manufactured, marketed, sold and placed the 1991 Toyota Corolla into the stream of commerce in a defective and unreasonably dangerous condition to the general public and to Mr. Talbert.

33.

The defective and unreasonably dangerous conditions complained of include, but are not limited to, (a) the propensity of the vehicle's lines and reservoirs to release flammable and/or combustible liquids during low-speed impacts; and (b) the propensity of the vehicle's engine components, which are constructed of non-flame retardant, combustible materials, to allow a fire, initiated by a small ignition source in the engine compartment, to grow and spread into the passenger compartment, placing occupants at risk of significant burn injuries and/or death.

34.

These defective conditions in the 1991 Toyota Corolla pose unreasonable risks of injury to passengers in a collision.

35.

These defective and unreasonably dangerous conditions existed in the 1991

Toyota Corolla at the time it left the hands of Defendants and existed at the time of the June 11, 2003 incident described above.

36.

Mr. Talbert was unaware of these defective and unreasonably dangerous conditions at the time of the incident on June 11, 2003, and these defective and unreasonably dangerous conditions are of a nature that would not be contemplated by the ordinary consumer.

37.

As a direct and proximate result of the design, manufacture, distribution and sale of a defective and unreasonably dangerous product as set forth in the preceding paragraphs, Mr. Talbert suffered severe burn injuries.

## COUNT III – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

38.

Plaintiff incorporates by reference paragraphs 1 through 37 above as if fully set forth herein and further alleges:

39.

Defendants sold, for value, the 1991 Toyota Corolla. By sale of the product, Defendants warranted that it safely distributed and provided the product for use.

40.

Mr. Talbert is a natural person who may be expected to use or be affected by the sale of the 1991 Toyota Corolla.

41.

Defendants breached the implied warranty of merchantability to Mr. Talbert because the 1991 Toyota Corolla was not fit for the ordinary and foreseeable purposes for which such goods are used and was of a defective and unreasonably dangerous character as previously described in Counts I and II.

42.

As a direct and proximate result of the breach of the implied warranty of merchantability by Defendants, Mr. Talbert suffered severe burn injuries.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

(a) That Plaintiff have a trial by jury;

(b) That Plaintiff recover damages in an amount to be determined by the enlightened conscience of an impartial jury;

(c) That Plaintiff recover all costs of this litigation; and

(d) That Plaintiff have such further relief as this Court deems appropriate and just.

Respectfully submitted this 17th day of September, 2003.

_____
WILLIAM U. GUNN
S.C. District Court No. 2501
HOLCOMBE, BOMAR, GUNN &
    BRADFORD, P.A.

Post Office Drawer 1897
Spartanburg, South Carolina 29304
(864) 585-4273

OF COUNSEL:

**R. PERRY SENTELL**
Georgia State Bar No. 635805
**RAYMOND G. CHADWICK, JR.**
Georgia State Bar No. 118475
**BRIAN K. EPPS**
Georgia State Bar No. 231459
KILPATRICK STOCKTON LLP

Post Office Box 2043
Augusta, Georgia  30903-2043
(706) 724-2622